Gbaham, Judge,
delivered the opinion of the court:
The plaintiff was engaged in the business of manufacturing and dealing in bay rum, and had been for many years prior to October 11, 1917. On that date and at different times up to and including December 14, 1922, plaintiff received by way of purchase from Porto Bico consignments of bay rum amounting to 44,606.6 wine gallons, upon which the collector of internal revenue at Brooklyn, N. Y., exacted a tax of $2.20 per gallon, which was paid by plaintiff. Plaintiff claims that the tax should have been only $1.10 a. gallon, and is suing to recover the difference. A petition for refund was filed with the sa-id collector, but was refused.
Section 300 of the act of October 3, 1917, 40 Stat. 300, 308, provided as follows:
“ That on and after the passage of this act there shall be levied and collected on all distilled spirits in bond at that time or that have been or that may be then or thereafter produced in or imported into the United States, * * * in addition to the tax now imposed by law, a tax of $1.10 * * * on each proof gallon, * * * to be paid by the distiller or importer when withdrawn, and collected under the provisions of existing law.”
There can be no question that this act imposed a tax of $1.10 on “distilled spirits ” in addition to the tax already in force at the time the act was passed. If the latter was $1.10, then the tax imposed was $2.20.
Section 600 of the act of February 24, 1919, 40 Stat. 1067, 1106, imposed a tax of $2.20 per gallon on distilled spirits.
And if it was known and determined that there was a tax of $1.10 on distilled spirits prior to the said act of October 3, 1917, the proper tax on distilled spirits under the latter act was $2.20 for shipments arriving in this country on October 11, 1917, and thereafter, and up to and after the passage of the said act of February 24,1919, as was the case with the shipments involved here. If bay rum comes within the description distilled spirits, then it is subject to a tax of $2.20 per gallon.
It does not seem necessary to go back into the shifting practice of the Internal Eevenue Department in holding at *429 one time that bay rum was subject to a tax of $1.10 and at another that it was not under the then existing statutes. The vacillation is attributable to some decisions of the lower courts, afterwards overruled. The whole question was finally brought before the Supreme Court in the case of Jordan v. Roche, 228 U. S. 436. This was an action to recover money paid as internal-revenue tax on bay rum brought in from Porto Rico. The District Court for the Eastern District of New York sustained a demurrer, an appeal was taken to the circuit court of appeals, and that court certified the case to the Supreme Court with this question:
“ Was bay rum imported from Porto Rico subsequent to the passage of the act of April 12, 1900, and prior to the passage of the act of February 4, 1909, subject to the payment of a tax equal to the internal-revenue tax imposed in the United States under sections 3248 and 3254 on £ distilled spirit, spirits, alcohol, and alcoholic spirit ? ’ ”
The question was answered in the affirmative. Briefly, the court held that bay rum was subject to a tax as an alcoholic distillate; that the purpose of the Foraker Act of April 12, 1900, 31 Stat. 77, was “ to subject Porto Rican articles to the internal-revenue laws of the United States, and under those laws articles are taxed not by their commercial names or uses but according to their alcoholic content under the generic name of ‘ distilled spirits ’ ”; and that the act of February 4, 1909, 35 Stat. 594, c. 65, which contains the following provision, “ that upon bay rum, or any article containing alcohol, hereafter brought from Porto Rico into the United States for consumption or sale there shall be paid a tax on the spirits contained therein of one dollar and ten cents per proof gallon,” was not a declaration by Congress that bay rum was not subject to a tax under the prior statutes and was not a declaration of a new policy, but a more explicit expression of the purpose of the prior law, made necessary by judicial construction of that law. (Referring apparently to the decisions of the lower courts that bay rum was not taxable.)
It will thus be seen that under this decision, which was handed down April 28, 1913, it was held that bay rum was *430 “ distilled spirits,” and as such was at that time and before, under the acts of Congress, subject to a tax of $1.10.
After the act of February 4, 1909, no act bearing on the subject was passed until the above-quoted act of October 3,. 1917, and as bay rum at the time of the passage of that act was subject to a tax of $1.10, it was subject, under that act and the act of February 24, 1919, supra, to a tax of $2.20, the amount collected from plaintiff in this case. It follows that the tax complained of was legally collected and that plaintiff is not entitled to a refund as prayed.
The petition should be dismissed, and it is so ordered.
Hat, Judge; Dowkey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.